SLIP OPINION

Cite as 2014 Ark. 205

# SUPREME COURT OF ARKANSAS

No. CR-12-752

| | | |
|---|---|---|
| PAUL W. CRISWELL | | **Opinion Delivered** May 8, 2014 |
| | APPELLANT | |
| V. | | PRO SE APPEAL FROM THE SALINE COUNTY CIRCUIT COURT, [NOS. 63CR-03-592 & 63CR-04-6] |
| STATE OF ARKANSAS | | HONORABLE GARY M. ARNOLD, |
| | APPELLEE | JUDGE |
| | | <u>APPEAL DISMISSED</u>. |

## PER CURIAM

By judgments entered in the Saline County Circuit Court on March 8, 2012, appellant Paul W. Criswell's probation was revoked for his convictions on drug-related charges in two cases. Appellant had entered guilty pleas to the charges, and the original judgments in the cases had been entered on February 7, 2008, in case number 63CR-03-592 and on February 13, 2008, in case number 63CR-04-6. In the March 8 sentencing orders entered following the probation-revocation hearing, appellant received concurrent sentences of thirty-six months' imprisonment in the Arkansas Department of Correction for each case. On May 29, 2012, appellant filed in the trial court a pro se petition under Arkansas Rule of Criminal Procedure 37.1 (2013) that was not verified, and on June 11, 2012, he filed a verified petition raising substantially the same issues as in the previous petition. The trial court entered orders denying the petitions in 63CR-03-592 on June 6, 2012, and in 63CR-04-6 on August 28, 2012.[1] In each case, the denial of postconviction relief was premised on appellant's failure to timely file his Rule 37.1 petition.

---

[1]Both orders indicated that the court made its findings on June 6, 2012.

Appellant appeals from the two orders, and we dismiss the appeal of the denial of relief on appellant's postconviction claims because appellant is no longer incarcerated on the charges at issue.

Our precedent is clear that a person must be physically incarcerated in order to be eligible to proceed under Rule 37. *See Branning v. State*, 2010 Ark. 401; *see also* Ark. R. Crim. P. 37.1(a). Appellant was sentenced to probation, and he was not incarcerated on the convictions until shortly before the probation-revocation proceedings.[2] More important, appellant has advised this court that he is no longer incarcerated in Arkansas. Because appellant is no longer incarcerated on the charges at issue, granting relief would have no further effect, and he can no longer proceed under Rule 37.1, even if his arguments on appeal or in the Rule 37.1 petition had merit. *See Johnson v. State*, 2012 Ark. 214 (per curiam). Because appellant is not incarcerated for the judgments reflecting his convictions that are at issue here, we dismiss the appeal.

Appeal dismissed.

*Paul Criswell*, pro se appellant.
*Dustin McDaniel*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.

---

[2]In the two Rule 37.1 petitions, appellant raised claims alleging trial counsel's ineffective assistance concerning the entry of his guilty plea and other challenges to the proceedings in which he entered his plea, and he raised no issues concerning the revocation of probation proceedings. The two orders that dismissed appellant's Rule 37.1 petitions denied relief on the basis that the petitions were not timely as to the orders accepting the guilty pleas. On appeal, appellant asserts that, because he was not in custody during the time period allowed for filing, he was effectively prevented from filing a petition for postconviction relief after his original conviction on the guilty plea, and that he had filed a timely petition as to the order revoking his probation, which was the judgement that sentenced him to incarceration.

The State asserts that appellant could not contest the orders accepting his guilty pleas in a timely Rule 37.1 petition filed as to the two orders revoking probation and that he could only have challenged the orders concerning the revocation of probation. In its brief, the State cites *Justus v. State*, 2012 Ark. 91 in support of this proposition. In *Justus*, this court held that the filing of an amended judgment did not extend the time for filing a Rule 37.1 petition so as to permit a challenge to the original conviction. Because appellant is not now incarcerated and may not therefore proceed, we need not address whether the trial court erred in its order denying relief.