

# SUPREME COURT OF ARKANSAS

No. CR-14-550

| | | |
|---|---|---|
| JIMMY MEDLOCK | | Opinion Delivered February 12, 2015 |
| | APPELLANT | |
| | | APPELLEE'S MOTION TO DISMISS |
| V. | | APPEAL |
| | | [GARLAND COUNTY CIRCUIT |
| | | COURT, NO. 26CR-12-208] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE JOHN HOMER |
| | | WRIGHT, JUDGE |
| | | |
| | | MOTION GRANTED; APPEAL |
| | | DISMISSED. |

## PER CURIAM

Appellant Jimmy Medlock's timely petition for postconviction relief under Arkansas Rule of Criminal Procedure 37.1 (2014) was denied by the Garland County Circuit Court by an order entered December 26, 2013, and he lodged an appeal of that order in this court. In the Rule 37.1 petition, appellant sought relief from a judgment reflecting his conviction for second-degree battery and sentence of 180 months' imprisonment in the Arkansas Department of Correction. The appellee State has filed a motion requesting that this court dismiss the appeal because appellant is no longer incarcerated. We grant the motion, and the appeal is dismissed.

The State correctly notes that appellant provided a change of address to this court that indicates appellant is no longer incarcerated. Our precedent is clear that a person must be physically incarcerated in order to be eligible to proceed under Rule 37.1. *Criswell v. State*, 2014 Ark. 205 (per curiam) (citing *Branning v. State*, 2010 Ark. 401); *see also* Ark. R. Crim. P. 37.1(a). Our precedent is clear that a person on parole is not eligible to proceed under Rule 37.1.

*Branning*, 2010 Ark. 401, at 3.[1] Because appellant is no longer incarcerated on the charges at issue, granting relief would have no further effect, and he can no longer proceed under Rule 37.1 even if his arguments on appeal or in the Rule 37.1 petition had merit. *Criswell*, 2014 Ark. 205. Accordingly, we grant the motion, and the appeal is dismissed.

Motion granted; appeal dismissed.

*Jimmy Medlock*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Brad K. Newman*, Ass't Att'y Gen., for appellee.

---

[1]In a late tendered response to the State's motion to dismiss, appellant admits that he is on parole but contends that he should be considered incarcerated while he is under the supervision of the Arkansas Department of Correction.

SLIP OPINION